IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO MANZO, MARIA MANZO, GABRIEL DEHARO, MARIA DEHARO, OCTAVIO PENA, JESUS LEDESMA, IRMA ZAVALA and SIGRID DOBAT,<br><br>    Plaintiffs,<br><br>  v.<br><br>HALL VINELAND PROPERTY, LLC and KATHRYN HALL,<br><br>    Defendants.<br>_____ / | No. C 10-05279 WHA<br><br>**ORDER DENYING MOTION TO DISMISS EXCEPT AS TO CERTAIN CLAIMS** |

    Predominantly Latino, plaintiffs are eight residents of the Vineland Vista Mobile Home Park near St. Helena. Plaintiffs own their mobile homes but rent space from defendants including Kathryn Hall, who owns a vineyard next door. She wishes to replace the mobile home park with high-end condominiums and has told residents the park will be closed so that she can install high-end residential housing, or so it is alleged. She has tried to buy out the residents, almost all of whom are Latino; some have sold, but plaintiffs have refused. In November 2010, Ms. Hall imposed rent increases between twenty and twenty-nine percent, allegedly in retaliation for plaintiffs' refusal to move out. This civil action interposes various legal claims against the foregoing.

1    As to ripeness, this order holds that the claims under the California Mobilehome
2 Residency Law and the California Government Code are not ripe, because the tenancies have not
3 yet been terminated and the mobile home park has not been closed.

4    As to the Fair Housing Act, 42 U.S.C. 3604, the claim is ripe. The rent increases have
5 have gone into effect, and plaintiffs are being required to pay them. These increases allegedly
6 were "retaliatory" in violation of the Act. While defendants may have the right to raise the rent,
7 that right cannot be exercised as retaliation for engaging in protected activity or to deprive
8 plaintiffs of their fair housing rights under the Act. Whether that really happened or not remains
9 to be seen and will be the subject of discovery.

10    On the merits, all that need now be decided is whether enough has been alleged to allow
11 discovery to go forward. This order holds that this is one of those cases in which enough has
12 been alleged and it is best to sort out the specifics after discovery and then to rule on the viability
13 of the evidence for a trial. Under *Swierkiewicz v. Sorema, N.A.*, 534 US 506, 511 (2002), a
14 liberal pleading standard is accepted in civil rights cases and a prima facie case need not be
15 pleaded in the complaint. This standard has been applied to claims under the Fair Housing Act.
16 *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1061–1062 (9th Cir. 2004). As for *Twombly*,
17 enough has been alleged here to infer race discrimination, for Ms. Hall allegedly told plaintiffs
18 that they should move to Napa because St. Helena was for "special people." Ms. Hall, it should
19 be said, denies this, but on a motion to dismiss, it must be taken as a true allegation. *See*
20 *Charleston Housing Auth. v. U.S. Dept. of Agriculture*, 419 F.3d 729 (8th Cir. 2005).

21    For the same reason, the motion as to the retaliation claim under California Civil Code
22 Section 1942.5 is **DENIED.**

23    A multitude of other claims were pled. The motion papers do not cogently address them.
24 All will go forward to the discovery stage, later subject to summary judgment, save and except
25 the ones earlier held in this order not yet ripe. Those are dismissed without prejudice and without
26 leave to amend.

2

It would assist the Court for counsel to sort out the facts via discovery and then to return in a few months with a well-founded record for summary judgment, at which time we can isolate the claims deserving of a full trial.

**IT IS SO ORDERED.**

Dated: March 18, 2011

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3